UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIONTI THOMAS,

    Plaintiff,

v.                                              CASE NO: 8:26-cv-00439

CITY OF ST. PETERSBURG,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, TIONTI THOMAS, (hereinafter "Ms. Thomas" or "Plaintiff") by and through the undersigned counsel, sues Defendant, CITY OF ST. PETERSBURG (hereinafter "St. Pete" or "Defendant") and alleges in support:

**JURISDICTION AND VENUE**

    1.    This is an action for damages arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et al.* ("Title VII"), and the Florida Civil Rights Act of 1992, Chapter 760.10, Florida Statutes ("FCRA") for discrimination based on race, color, and retaliation for engaging in a protected activity.

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    3.    Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 USC § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Pinellas County, which is located within the Middle District of Florida.

## PARTIES

4. Plaintiff, TIONTI THOMAS, is an African American female who resides in Pinellas County, Florida, located in the Middle District of Florida.

5. At all times material, Defendant, CITY OF ST. PETERSBURG, has been organized and in existence within Pinellas County, Florida, located within the Middle District of Florida.

6. At all times material, Defendant, CITY OF ST. PETERSBURG, operated the Billing & Collections Department in St. Petersburg, in Pinellas County, Florida.

7. At all times material, Plaintiff was an employee of Defendant, CITY OF ST. PETERSBURG.

8. At all times material hereto, Defendant, CITY OF ST. PETERSBURG, employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has satisfied all conditions precedent to filing her Title VII claims in that she filed a charge of discrimination with the EEOC on November 18, 2025 (Charge No. 511-2026-00601) and received a Notice of Right to Sue on December 1, 2025.

## GENERAL ALLEGATIONS

10. Tionti Thomas is an African American female.

11. In July 2003, the City of St. Petersburg hired Ms. Thomas as a Customer Service Representative for its Customer Service Department.

12. In 2020, Ms. Thomas started to work as a Customer Service Officer for St. Pete's Billings & Collections Department.

13. Throughout her employment, Plaintiff repeatedly complained to Lauren Gewandter (Direct Supervisor – Hispanic female) about her White subordinates refusing to take direction from her and other African American Supervisors.

14. Despite her complaints, Plaintiff's White subordinates would regularly question her authority and speak with Ms. Gewandter about Plaintiff's instructions when she instructed them to accomplish a task.

15. On February 14, 2025, Candice Winter (Interim Director of the Billings & Collections Department – Black female) demoted Plaintiff to the position of Operations Specialist in which she would have been required to primarily take calls in the call center.

16. Ms. Winter explained that Plaintiff's demotion was due to numerous complaints made against her by her White subordinates, including Trisha Keheler, Grayson McKinnon, Elizabeth Ridgeway, Alyce Owens, and Brittnie Vandonge.

17. Notably, Defendant failed to conduct a proper investigation regarding the merits of these complaints. Instead, Defendant solely relied on the false complaints of these individuals in deciding to demote Plaintiff.

18. On February 28, 2025, Plaintiff was forced to resign from her position because of the shame and embarrassment accompanied by Defendant's discriminatory decision to demote her.

19. Whereas shortly after Defendant constructively terminated Plaintiff, Ms. Winter chose to promote Plaintiff's less qualified White counterparts, including Grayson McKinnon, Alyce Owens, and Brittnie Vandonge to positions with increased pay and responsibilities.

20. Ms. Thomas has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT FOR RACE AND COLOR DISCRIMINATION

21. Plaintiff, TIONTI THOMAS, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty (20) as if set forth fully herein.

22. Defendant is a municipality and is an "employer" within the meaning of Title VII.

23. Ms. Thomas is an "employee" of Defendant within the meaning of Title VII.

24. Ms. Thomas is a member of a protected class because of her race and color and therefore is protected from discrimination by Title VII.

25. Ms. Thomas was qualified to perform her job duties.

26. Ms. Thomas was subject to disparate treatment by Defendant because of her race and color.

27. Defendant discriminated against Ms. Thomas by demoting her from her position of Service Officer in the Billings & Collections Department to Operations Specialist in the call center.

28. Defendant discriminated against Ms. Thomas by promoting less qualified White employees over Ms. Thomas who is an African American female.

29. Defendant is liable for the discrimination alleged herein.

30. Defendant's actions in discriminating against Ms. Thomas because of her race and color were done with malice or reckless indifference to her right to be free from discrimination under Title VII.

31. As a direct and proximate result of Defendant's acts, Ms. Thomas has suffered loss of privileges and benefits and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Ms. Thomas has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Thomas respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Thomas;

B. Back pay;

C. Front pay;

    D.    Compensatory damages against Defendant;

    E.    Prejudgment interest;

    F.    Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

    G.    Attorney's fees and costs; and

    H.    Any further relief as this Court deems just and equitable.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**
**RESULTING IN ADVERSE EMPLOYMENT ACTION**

56.    Plaintiff, TIONTI THOMAS, re-alleges and incorporates the allegations put forth in paragraphs one (1) through twenty (20) as if set forth herein in full.

57.    Ms. Thomas is an African-American female and as such, is protected from discrimination on the basis of her race and color.

58.    Plaintiff engaged in protected activity under Title VII when she repeatedly complained to her superior about her White subordinates refusing to take direction from her and other African American Supervisors.

59.    On February 14, 2025, Defendant demoted Plaintiff to the position of Operations Specialist in retaliation for her engagement in protected activity.

60.    On February 28, 2025, Defendant constructively terminated Plaintiff in retaliation for her engagement in protected activity.

61.    Defendant's actions were willful and done with malice.

62. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Ms. Thomas respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Thomas;

B. Back pay;

C. Front pay;

D. Compensatory damages against Defendant;

E. Prejudgment interest;

F. Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

G. Attorney's fees and costs; and

H. Any further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of February, 2026.

Respectfully submitted by:

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr.
Florida Bar No. 41956
The Printy Law Firm
5407 N Florida Avenue
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Attorney for Plaintiff*
